**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND**

**CRIMINAL ACTION NO. 06-2-DLB**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**VS.**        **OPINION AND ORDER DENYING DEFENDANT'S
RENEWED MOTION FOR JUDGMENT OF ACQUITTAL**

**JERMAINE CANNADY**                                                         **DEFENDANT**

                             **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**I. Introduction**

This matter is before the Court on Defendant's Renewed Motion for Judgment of Acquittal Pursuant to Rule 29, Federal Rules of Criminal Procedure. (Doc. # 34). The government having responded to the motion, it is now ripe for the Court's review. For the reasons that follow, the motion is **denied**.

**II. Background**

On May 31, 2006, a jury found Defendant guilty of Count Two of the indictment, which charged him with assault with a dangerous weapon. More particularly, the jury found that he had assaulted fellow inmate Falaniko Uti by striking him with a metal mop handle in violation of 18 U.S.C. § 113(a)(3). Although the jury found Defendant had used the metal mop handle in committing the assault, they did not find he had poured baby oil heated to its boiling point upon inmate Uti. *See* Doc. # 30, Verdict. The jury acquitted Defendant of Counts One and Three of the Indictment, which charged him with pouring a scalding liquid, that is, baby oil heated to its boiling point, on inmate Uti, with the intent to maim and

1

disfigure (Count One) and assaulting inmate Uti, resulting in serious bodily injury (Count Three).

Defendant renews his motion for judgment of acquittal on Count Two on the grounds that the facts demonstrated that he had acted in self-defense and the government failed to prove that he did not act in self-defense. While not specifically argued in his motion, Defendant does imply that the verdicts are inconsistent.

During trial, Defendant testified that someone else had thrown the hot oil on inmate Uti and that he had only used the metal mop handle in self-defense after inmate Uti had made aggressive movements toward him. During closing argument, his attorney argued the case was one of mistaken identity as it relates to the use of the hot oil, and self-defense to the extent he was charged in Counts Two and Three with using the metal mop handle.

### III. Analysis

As the jury was instructed, in order to find Defendant guilty of Count Two, the government must prove three essential elements beyond a reasonable doubt:

1) That Defendant assaulted inmate Uti by intentionally pouring boiling baby oil on him, OR by intentionally striking him with a metal mop handle;

2) That Defendant acted with the intent to do bodily harm to inmate Uti, without just cause and excuse; and,

3) That Defendant used a dangerous weapon upon inmate Uti, to wit, either baby oil heated to its boiling point OR a metal mop handle.

Although Count Three also charged Defendant with assault, the two assault crimes each contained an element that the other did not. More particularly, Count Two required the use of a dangerous weapon, an element not contained Count Three. Likewise, Count

Three required proof that the assault resulted in serious bodily injury, an element not contained in Count Two.

The jury was also instructed on Defendant's theory of self-defense. They were instructed as follows:

> A person is entitled to defend himself against the immediate use of unlawful force. However, the right to use force in self-defense is limited to using only as much force as reasonably appears to be necessary under the circumstances.
>
> In order for Defendant to have been justified in the use of force in self-defense, he must not have provoked the assault on him or have been the aggressor. Mere words without more, do not constitute provocation or aggression.
>
> The circumstances under which Defendant acted must have been such as to produce in the mind of a reasonably prudent person, similarly situated, the reasonable belief that Falaniko Uti was then about to harm him or to do him serious bodily harm. In addition, Defendant must have actually believed that he was in imminent danger of serious bodily harm and that force must be used to repel it.
>
> To determine if Defendant believed he was in imminent danger and had reasonable grounds to believe he was, you should put yourself in the place of Defendant. Consider the conduct of Falaniko Uti and determine if what he did caused Defendant to reasonably and honestly believe he was about to be harmed or to receive great bodily harm.
>
> If Defendant had reasonable grounds to believe and actually did believe that he was in imminent danger of serious bodily harm and that force was necessary to repel such danger, he was not required to retreat or to consider whether he could safely retreat. If you find those circumstances were present in this case, Defendant was entitled to stand his ground and use such force as was reasonably necessary under the circumstances to save his life or protect himself from serious bodily harm. However, if Defendant could have safely retreated but did not do so, his failure to retreat is a circumstance which you may consider, together with all other circumstances, in considering Defendant's self-defense theory, and whether Defendant went farther in repelling the danger, real or apparent, than he was justified in doing under the circumstances.
>
> Even if Falaniko Uti was the aggressor and Defendant was justified in using force in self-defense, he would not be entitled to use any greater force than he had reasonable grounds to believe and actually did believe to be necessary under the circumstances to save his life or avert serious bodily harm. In determining whether Defendant used excessive force in defending himself, you may consider all the

> circumstances under which he acted.
>
> The government has the burden of proving that Defendant did not act in self-defense. For you to find him guilty on Counts Two and Count Three, the government must prove that it was not reasonable for him to think that the force he used was necessary to defend himself against an immediate threat. Unless the government proves this beyond a reasonable doubt, you must find him not guilty on Counts Two and Count Three.

*See* Doc. # 32: Jury Instruction No. 18.

A Rule 29 motion for judgment of acquittal is a challenge to the sufficiency of the evidence. *United States v. Jones,* 102 F.3d 804, 807 (6th Cir. 1996). "Evidence is sufficient to support a criminal conviction if, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." *United States v. Humphrey*, 279 F.3d 372, 378 (6th Cir. 2002) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979))  The court must consider the record as a whole, including direct and circumstantial evidence. *United States v. King,* 169 F.3d 1035, 1039 (6th Cir. 1999).  Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt.  *United States v. Spearman*, 186 F.3d 743, 745 (6th Cir.1999).  *See also United States v. Barnett*, 398 F.3d 516, 521-22 (6th Cir. 2005).  In ruling on a sufficiency of the evidence challenge, the Court does not weigh the evidence, assess the credibility of the witnesses, or substitute its judgment for that of the jury.  *Id.*

In this case, there was sufficient evidence that Defendant repeatedly struck inmate Uti with the metal mop handle after Uti had been doused with hot baby oil.  Although the jury acquitted Defendant of throwing the hot baby oil on inmate Uti, by their verdict of guilty on Count Two, they found that Defendant had assaulted Uti with a dangerous weapon, to

wit, the metal mop handle.  Viewed in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime charged in Count Two beyond a reasonable doubt.     Moreover, although the Court and counsel will never know the reasons why the jury reached its split verdict, there is certainly sufficient evidence to support the guilty verdict on Count Two.

With respect to Defendant's self-defense argument, based on the jury's verdict on Count Two, they may have concluded that although Defendant was initially justified in defending himself from inmate Uti's advances, the force used was greater than necessary under the circumstances to save his life or avert serious bodily harm.  If so, the self-defense instruction would have permitted them to convict on Count Two.

Finally, there was more than sufficient evidence for the jury to convict on Count Two and acquit on Count Three.  As stated previously, Count Two charged Defendant with assault with a dangerous weapon.  Count Three charged Defendant with assault resulting in serious bodily injury.  The jury may have concluded that although inmate Uti was assaulted by Defendant with the metal mop handle, that assault did not result in Uti's serious bodily injuries.  Based on the photographs admitted during trial, a reasonable jury could have concluded that it was the hot baby oil that caused the serious bodily injuries, rather than the metal mop handle.  Based on the acquittals on Count One and the special verdict on Count Two, the jury's verdict was consistent.

Even if the verdicts were inconsistent, which the Court finds they were not, "the Supreme Court has repeatedly held that a jury may announce logically inconsistent verdicts in a criminal case." *United States v. Clemmer*, 918 F.2d 570, 573 (6th Cir. 1990), *citing Dunn v. United States*, 284 U.S. 390 (1932).  Moreover, "an inconsistent verdict is not

5

grounds to overturn a verdict." *United States v. Clark*, 9 Fed.Appx. 402, 404 (6th Cir. 2001). As the Sixth Circuit stated in *United States v. Miller*, 161 F.3d 977, 985 (6th Cir. 1998), "[a] jury is free to render inconsistent verdicts or to employ relevant evidence in convicting on one count that it may seem to have rejected in acquitting on other counts."

Based on the evidence admitted during trial, and viewing that evidence in the light most favorable to the government, a rational trier of fact could conclude that Defendant assaulted inmate Uti with a dangerous weapon. Accordingly, for the reasons stated herein,

**IT IS ORDERED** that Defendant's Renewed Motion for Acquittal be, and is hereby **DENIED**.

This 21st day of June, 2006.

Signed By:
*David L. Bunning*
United States District Judge

G:\DATA\ORDERS\AshCrim\06-2 Order Denying Rule 29.wpd